Troy A. Schell, Esq. (SBN 208661)
Bryan Wong, Esq. (SBN 205573)
3300 East Guasti Road, 3rd Floor
Ontario, California 91761
Telephone: (909) 235-4400
Facsimile: (909) 235-4419

Attorneys for Prime Healthcare Huntington Beach, LLC, a Delaware limited liability company doing business as Huntington Beach Hospital

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Prime Healthcare Huntington Beach, LLC, a limited liability company doing business as Huntington Beach Hospital,**<br><br>Plaintiff<br><br>vs.<br><br>**Sylvia Mathews Burwell in her official capacity as Secretary of the Department of Health and Human Services,**<br><br>Defendant. | Case No. 16-cv-08102-PA-AGR<br><br>**PLAINTIFF PRIME HEALTHCARE HUNTINGTON BEACH, LLC'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Hearing Date: June 19, 2017**<br>**Time: 1:30 pm**<br>**Courtroom: 5D** |

1

**PLAINTIFF PRIME HEALTHCARE HUNTINGTON BEACH, LLC'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

   A.  Plaintiff has sufficient pled its claims . . . . . . . . . .   3-5

   B.  Plaintiff Pled Sufficient Factual Allegations to Justify

      Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6-7

# TABLE OF AUTHORITIES

Federal Cases

*Bell Atlantic Corp. v. Twobly,* 550 U.S. 544, 127 S.Ct. 1955 .   4, 5

*Centro Medico del Turabo, Inc. v. Feliciano-de-Melecio,*

   406 F.3d 1, 5 (CA1 2005) . . . . . . . . . . . . . . . . . . . . . .   5

*Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1 (2011). . . . .   5

*Willowood of Great Barrington, Inc. v. Sebelius,* (2009) 638

   F. Supp. 2d 98, 102. . . . . . . . . . . . . . . . . . . . . . . . .   4

Statutes

5 U.S.C. § 706(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

5 U.S.C. § 706(2)(E). . . . . . . . . . . . . . . . . . . . . . . . . . .   4

**PLAINTIFF PRIME HEALTHCARE HUNTINGTON BEACH, LLC'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff Prime Healthcare Services – Huntington Beach, LLC, doing business as Huntington Beach Hospital ("Plaintiff"), by and through its attorneys of record, hereby file its opposition to Defendant's Thomas E. Price, in his official capacity as Secretary of the Department of Health and Human Services' (hereinafter "Defendant") Motion to Dismiss First Amended Complaint.

## I. <u>INTRODUCTION</u>

Plaintiff filed its First Amended Complaint ("FAC") on May 1, 2017. On May 15, 2017 Defendant filed its Motion to Dismiss (hereinafter the "Motion"). Defendant's Motion argues, in short, that Plaintiff failed to state a claim for which relief can be granted. Also Defendant argues that Plaintiff must prove that the administrative record will prove a reasonable conclusion that inpatient admission was not necessary.

A review of the facts as alleged in the FAC, which must be taken as true, and applicable law and jurisprudence reveals that none of these arguments hold water. Also, many of Defendants' arguments rely wholly or in part on conclusions that distance themselves from the allegations in the FAC. This is an issue of fact as well as law. As such, dismissal based on these arguments would be untimely without an opportunity to engage in discovery in order to resolve any controversy as to those facts.

In reviewing this Motion, the Court must accept all factual allegations as true and will make all reasonable inferences in Plaintiff's favor pursuant to Rule 8(a)(2) of the <u>Federal Rules of Civil Procedure</u>, which states that "a short and plain statement of the claim showing that the pleader is entitled to relief."

## II. <u>ARGUMENT</u>

### A. Plaintiff has sufficiently pled its claims.

At issue in this motion is whether Plaintiff has pled sufficient facts in the first amended complaint to support its claim.  The claims at issue in this case is

3

whether the Administrative Law Judge issued a decision not supported by substantial evidence per 5 U.S.C. § 706(2)(E), and/or the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or based upon erroneous legal conclusions per 5 U.S.C. § 706(2)(A).

As discussed in *Willowood of Great Barrington, Inc. v. Sebelius,,* (2009) 638 F. Supp. 2d 98, 102, an administrative decision, "may be overturned only if 'it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law.'"

"In order to 'show' entitlement to relief a complaint must contain enough factual material to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true, even if doubtful in fact." *Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1 (2011).

Thus, breaking these elements down, Plaintiff's claims must plead facts supporting the allegation that the decision was: (1) Arbitrary, (2) Capricious, (3) An Abuse of Discretion, (4) Unsupported by Substantial Evidence, *or* (5) Contrary to Law.   As will be shown below, Plaintiff alleges all of these elements in the complaint, but most certainly focuses on element (4), pleading that the decision was not based on substantial evidence.

Plaintiff has pled that the Administrative Law Judge's ruling ignored the medical evidence presented in the record and in the expert testimony offered at time of hearing, and issued a ruling not based upon the substantial medical evidence presented in the medical record and in expert testimony. Whether or not the administrative record does indeed reflect that the Administrative Law Judge's ruling is not based upon the substantial medical evidence present in the medical record and expert testimony is an issue of fact. Federal Rules of Civil Procedure, Rule 12(b)(6) requires that the Court "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiffs state theory of liability."

**PLAINTIFF PRIME HEALTHCARE HUNTINGTON BEACH, LLC'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Centro Medico del Turabo, Inc. v. Feliciano-de-Melecio,* 406 F.3d 1, 5 (CA1 2005).

Defendant argues that Plaintiff did not specify in details the services provided to the beneficiary that made inpatient admission necessary. However, the facts as alleged in the First Amended Complaint clearly establish that inpatient care was necessary for the beneficiary. Specifically, Plaintiff pled in its FAC that it is seeking judicial review of an ALJ ruling for reimbursement on a beneficiary who was admitted to Sherman Oaks Hospital for blunt head trauma and scalp laceration. Plaintiff has pled a short factual statement that a beneficiary that may have felled and suffered a head wound due to a possible syncopal episode was admitted inpatient based upon the reasonable expectation that the beneficiary would require more than 24 hours of care. The First Amended Complaint clearly alleges that, due to a high risk of acute coronary syndrome, the treating physician expected more than 24 hours of care was necessary, which is sufficient to justify an inpatient admission. (First Amended Complaint, page 9, paragraph 36.) The patient received an inpatient level of care, which included, "complete blood count, basic metabolic panel, troponin, chest x-ray, electrocardiogram ("EKG"), prothrombin time ("PT") with INR, partial prothrombin time ("PTT") and CT of the head, as well as cardiology consultation, as well as providing nitro paste." (*Id.*) The First Amended Complaint also alleges that the RAC Judge's ruling disregarded the medical evidence present in the medical record, and issued a ruling not based on the substantial medical evidence present in the record. Whether or not the ruling Administrative Law Judge failed to consider the medical evidence present in the record is a question of fact. As such, these allegations must be taken as true and in the light most favorable to Plaintiff.

5

### B. Plaintiff Pled Sufficient Factual Allegations to Justify Relief.

Defendant argue that Plaintiff FAC is devoid of merit. According to Defendant, Plaintiff did not plead enough facts in its FAC by not explaining in detail the services and specific medical records used to determine whether or not the beneficiary needed to be admitted as an inpatient. "Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a 'short and plain statement of the claim showing that the pleader is entitled to relief'" *Ocasio-Hernandez*, 640 F.3d at 11. The *Ocasio* Court further explain that "A 'short and plain' statement needs only enough detail to provide a defendant with 'fair notice of what the … claim is and the grounds upon which it rests." *Id.* at 12 (quoting *Bell Atlantic Corp. v. Twobly,* 550 U.S. 544. 127 S.Ct. 1955 (2007)). As stated above, in this case, Plaintiff indicated in its FAC that it is seeking judicial review of an ALJ ruling for reimbursement on a beneficiary who was admitted to Sherman Oaks Hospital for blunt head trauma and scalp laceration. Plaintiff has pled a short factual statement that a beneficiary presenting with a risk of syncopal episode was admitted inpatient based upon the reasonable expectation that the beneficiary would require more than 24 hours of care.  Plaintiff also pled the specific items of care that the beneficiary received, which rose to the level of an inpatient intensity of service.   Plaintiff has also pled that the presiding Administrative Law Judge's ruling disregarded the medical evidence present in the medical record.   In this case, the allegations more than suffice to establish the element of causation for Defendant in the instant case.

### III.    CONCLUSION

Plaintiff have properly and sufficiently established a claim for judicial review. The FAC contains numerous factual allegations giving way to a plausible case. Moreover, these factual allegations must be taken as true and all inferences rising from them must be made in favor of Plaintiff. Plaintiff respectfully requests

6

that this Court take notice of the aforementioned and deny Defendant's Motion to Dismiss. However, if the Court determines that the First Amended Complaint is not sufficiently pled, Plaintiff respectfully requests leave to file a second amended complaint.

**TROY A. SCHELL, ESQ.**
**BRYAN WONG, ESQ.**

Dated: May 26, 2017

By: /s/ *Bryan Wong*
Bryan Wong, Esq.
Attorneys for Plaintiff

7