Troy A. Schell, Esq. (SBN 208661)
Bryan Wong, Esq. (SBN 205573)
3300 East Guasti Road, 3rd Floor
Ontario, California 91761
Telephone: (909) 235-4400
Facsimile: (909) 235-4419

Attorneys for Prime Healthcare Huntington Beach, LLC, a Delaware limited
liability company doing business as Huntington Beach Hospital

Sandra R. Brown
Acting United States Attorney
Dorothy A. Schouten, AUSA
Chief, Civil Division
David K. Barrett, AUSA
Chief, Civil Fraud Section
Linda A. Kontos, AUSA
Deputy Chief, Civil Fraud Section
Lynn Healey Scaduto, AUSA (SBN 205291)
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Phone: (213) 894-7395
Facsimile: (213) 894-7819

Attorneys for Defendant Thomas E. Price, M.D., in his official capacity as
Secretary of the Department of Health and Human Services

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Prime Healthcare Huntington Beach, LLC, a limited liability company doing business as Huntington Beach Hospital,**<br><br>            **Plaintiff**<br><br>**vs.**<br><br>**Thomas E. Price, in his official capacity as Secretary of the Department of Health and Human Services,**<br><br>            **Defendant.** | Case No. 16-cv-08102-PA<br><br>**STIPULATED PROTECTIVE ORDER** |

1

**IT IS HEREBY STIPULATED** by and between counsel for the plaintiff Prime Healthcare Huntington Beach, LLC, doing business as Huntington Beach Hospital( "Plaintiff"), and defendant Thomas E. Price, M.D., in his official capacity as Secretary of the Department of Health and Human Services (the "Defendant"), (Collectively, the "Parties") , that during the pre-trial stage of the above-captioned cases (the "Litigation") the following Protective Order (the "Order") shall govern the handling of Confidential Information received through discovery, or the voluntary exchange of information, ("Discovery Material") in the Litigation.  It is the intent of the Parties to seek Court approval of this Stipulation after the appearance of Defendant in these actions, if such appearance becomes necessary. Until such time as Court approval is obtained, if ever, this Stipulation shall constitute a binding agreement between the Parties as to the handling of Confidential Information. The handling of Confidential Information during trial shall be governed by a subsequent order.

1.1     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

STIPULATED PROTECTIVE ORDER

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Stipulated Protective Order does not prohibit or absolve the parties from complying with such other obligations.

1.2   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve information and documents which may be subject to limitations on disclosure due to federal laws, state laws, privileges and/or privacy rights concerning the disclosure of confidential medical information, trade secrets, or proprietary information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3   <u>CONFIDENTIAL HEALTH INFORMATION</u>

This action involves documents and information that are likely to contain certain individually identifiable health information (defined as health information that is connected to a patient's name, address, social security number or other identifying number). Information produced may be subject to the provisions of the Privacy Act (5 U.S.C. § 552a), the HIPAA Privacy and Security Rule (45 C.F.R. Parts 160, 162, 164), or the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the requested or subpoenaed person. The Producing Party may produce the information in an

unredacted form and shall designate this information as confidential in the manner set forth in paragraph 5 below. All Parties receiving this designated information shall not file these documents or information, submit them to the Court, or reproduce their contents in any court filing unless the information is placed under seal or all information that would identify the subject of the document or information has been removed or redacted.

2.    DEFINITIONS

2.1    Action:  This pending federal law suit.

2.2    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "Confidential" or 'Confidential Health Information":  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement and description of Confidential Health Information.

2.4    Counsel: Government counsel, Plaintiff's In-house counsel and any Outside Counsel of record, as well as counsel's support staff.

2.5    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    In-House Counsel: Attorneys who are employees of a Party to this Action.

4

In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:   Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11   Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: Any Disclosure or Discovery Material that is designated by a party as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."

2.15   Receiving Party:   A Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

STIPULATED PROTECTIVE ORDER

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding electronic information produced in native form or in a format that is not amenable to visible endorsement on the image, and also excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" to each page of the document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."[1] The media on which the Protected Material is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL HEALTH INFORMATION" unless and until the protection of the data within the media is removed.  Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

---

[1] The original metadata of the native files shall be retained pursuant to the Parties' agreed upon ESI protocols.

(c)     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION legend" to each page of the document that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If the original documents made available for inspection that are designated for copying include materials produced in native file format, or that are in a format that is not amenable to visible endorsement on the image, the Producing Party shall comply with the direction in subparagraph (b) of this Paragraph regarding their production.

(d)     For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, or by letter from counsel within thirty days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Order and the requirement of executing the certification attached as Exhibit A.  After designation

8

of Protected Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Protected Material: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL HEALTH INFORMATION." If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled "CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER" or "CONFIDENTIAL HEALTH INFORMATION."

(e)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL HEALTH INFORMATION." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(f)     For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following:     "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or 'CONFIDENTIAL HEALTH INFORMATION."

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.


6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation

9

of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4    After a designation as Protected Material is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any marking is or designations as Protected Material.  The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties.   The presumptive time for providing the replacement information shall be ten days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 regarding Final Disposition below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(d)   the court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors, to whom disclosure is reasonably necessary for this Action and who have received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(g)   witnesses and potential witnesses, including their counsel, provided each such person first receives a copy of this Order and signs the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

STIPULATED PROTECTIVE ORDER

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that (1) the deposing party provides the witness with a copy of this Order and requests that the witness signs the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A; and (2) the witness  will not be permitted to keep any Protected Material  unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator, arbitrator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED PRODUCEDIN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action

12

as "CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Absent a court order to the contrary, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in connection with this Action, including the United States' investigation of Relator's allegations, and designated as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of this Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

STIPULATED PROTECTIVE ORDER

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party intends to file any Protected Material of a Designating Party, it must provide sufficient notice to the Designating Party to allow the Designating Party to timely request to file the Protected Material at issue under seal. If the Designating Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

15

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The United States Attorney's Office for the Central District of California, the Civil Division of the Department of Justice, and the Office of the Inspector General of the Department of Health and Human Services shall each have the right to maintain one copy of such documents for their master files.

14. <u>DISCLOSURE TO AGENCIES OR DEPARTMENTS OF THE UNITED STATES OR OF THE STATE OF CALIFORNIA</u>

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States or of the State of California to disclose to any agency or department of the United States or of the State of California, or any division of any such agency or department, designated confidential documents or electronically stored information relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the use of any such designated confidential documents or electronically stored information by an agency or department in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction, provided, however, that the agency or department shall maintain the confidentiality of the designated confidential documents or electronically stored information consistent with the terms of this Order.

15. <u>DISCLOSURES TO THE UNITED STATES CONGRESS</u>

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents or

electronically stored information to a Congressional entity, provided, however that the United States shall notify the Congressional entity requesting the documents or electronically stored information that the designated confidential documents or electronically stored information have been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents or electronically stored information, use reasonable efforts to notify the Producing Party of the Congressional entity's request and the United States' response thereto.

16.    Notwithstanding Section 10 of this Order, any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**TROY A. SCHELL, ESQ.**
**BRYAN WONG, ESQ.**

Dated: May 22, 2017        By:   /s/   *Bryan Wong*
                                            Bryan Wong, Esq.
                                            Attorneys for Plaintiff, Prime Healthcare
                                            Huntington Beach, LLC, dba Huntington Beach
                                            Hospital

**LYNN HEALEY SCADUTO, ESQ.**

Dated: May 22, 2017        By:  /s/ *Lynn Healey Scaduto*
                                            Lynn Healey Scaduto, Esq.
                                            Attorney for Defendant, Thomas E. Price, in his
                                            official capacity

17

## <u>ORDER</u>

GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED:  May _30_, 2017

_Alicia G. Rosenberg_

_____

HONORABLE ALICIA G. ROSENBERG
United States Magistrate Judge