SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
LYNN HEALEY SCADUTO (SBN 205291)
Assistant United States Attorney
  Room 7516, Federal Building
  300 North Los Angeles Street
  Los Angeles, California 90012
  Telephone: (213) 894-7395
  Facsimile: (213) 894-7819
  Email: lynn.scaduto@usdoj.gov

Attorneys for Defendant
THOMAS E. PRICE, M.D., in his official capacity as
Secretary of the Department of Health and Human Services

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PRIME HEALTHCARE HUNTINGTON BEACH, LLC, a limited liability company doing business as HUNTINGTON BEACH HOSPITAL, Plaintiff,<br><br>v.<br><br>THOMAS E. PRICE, M.D., in his official capacity as SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>   Defendant. | No. CV 16-8102 PA<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br><br>Date: Monday, June 19, 2017<br>Time: 1:30pm<br>Place: Courtroom 9A<br><br>Honorable Percy Anderson |

**Table of Contents**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT........................................................................................................2

    A.    Prime Does Not Dispute that the Treating Doctor's View of Medical Necessity is Not Dispositive or that the Record Must Show the Beneficiary Needed Services that Could Only Be Provided on an Inpatient Basis. ........................................................................................2

    B.    "Short and Plain" Does Not Mean "Conclusory." ........................................3

    C.    The Question this Action Presents is Not Whether the Treating Physician Reasonably Concluded Inpatient Admission Was Medically Necessary, But Whether the Record Made a Contrary Conclusion Unreasonable, Which Is a Question of Law. ...........................4

    D.    Prime's Request for Leave to Amend Should Be Denied............................5

III.  CONCLUSION.....................................................................................................5

**Table of Authorities**

**Federal Cases**

Levitt v. Yelp!, Inc., 765 F.3d 1123 (9th Cir. 2014) ....................................................... 3

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................... 3

Monjaraz-Munoz v. INS, 327 F.3d 892 (9th Cir.) ............................................................ 4

**Other**

C.D. Cal. L.R. 15-1 ................................................................................................ 5

## I.    INTRODUCTION

HHS has moved the Court to dismiss Prime's FAC with prejudice under Rule 12(b)(6) on the ground that, without more, Prime's position that the treating physician got it right and the ALJ got it wrong is not enough to state a claim for reversal of the ALJ's decision under the Administrative Procedure Act ("Motion").  In its opposition to HHS's Motion ("Opposition"), Prime doubles down on that position but fails to reckon with the cited rules applicable to reimbursement for inpatient services, the decisional law under Rule 12(b)(6) post *Iqbal* and the deferential nature of judicial review of agency action.  Prime instead asserts that accusing the ALJ of "ignor[ing]" unspecified "medical evidence present in the record" is enough to keep this lawsuit alive so that Prime can have "an opportunity to engage in discovery."  Opposition ("Opp.") at 3:17-19, 5:19-21.

Statements like that make it appear that Prime may have been unfamiliar with the nature of judicial review of agency adjudications when it filed this action and more than two dozen others just like it.  The record that was before the ALJ will be the basis of the Court's decision whether the ALJ's decision was supported by substantial evidence.  Prime does not dispute that, under the applicable rules, a treating physician's determination of medical necessity is not dispositive of reimbursement for inpatient services.  Nor does Prime does dispute that, for an inpatient admission to be reimbursable, the medical record must show that the required services were of such intensity that they could be furnished safely and effectively only on an inpatient basis.  It is therefore undisputed that, to obtain relief, Prime must establish that the record before the ALJ foreclosed a reasonable conclusion that that standard was not met.

Prime fails to identify in the FAC facts in the record that should have convinced the ALJ that the Beneficiary could only have been treated on an inpatient basis.  Prime's failure to engage with the relevant standards or explain how it could amend its complaint to meet them shows the futility of further amendment.  The Court should dismiss Prime's First Amended Complaint with prejudice.

## II.    ARGUMENT

### A.    Prime Does Not Dispute that the Treating Doctor's View of Medical Necessity is Not Dispositive or that the Record Must Show the Beneficiary Needed Services that Could Only Be Provided on an Inpatient Basis.

HHS cited in support of its Motion HCFA Ruling 93-1, which states that "no presumptive weight should be assigned to the treating physician's medical opinion in determining the medical necessity of inpatient hospital . . . services." *See* Motion at 10:7-17 (citing HCFA Ruling 93-1, May 18, 1993, available at https://www.cms.gov/Medicare/Appeals-and-Grievances/OrgMedFFSAppeals/Downloads/HCFAR931v508.pdf).  That ruling provides that "meeting the coverage rule requiring the physician's certification does not guarantee that the care provided will be covered.  In order to be covered . . . the care must also be 'reasonable and necessary.'"  HCFA Ruling 93-1 at 6; *see also id.* at 8 (noting that determination of whether payment should be made requires the reviewer to "'look[] behind' the information provided by the treating physician").  HHS also cited in support of its Motion the Medicare Program Integrity Manual, which states that, for inpatient hospital care to be reimbursable, "[t]he beneficiary must demonstrate signs and/or symptoms severe enough to warrant the need for medical care and must receive services of such intensity that they can be furnished safely and effectively only on an inpatient basis."  *See* Motion at 8:25-9:7 (quoting CMS Publication 100-08, Medicare Program Integrity Manual, Ch. 6 § 6.5.2 (Rev. 656)).  Prime does not address either of these authorities in its Opposition, let alone dispute their applicability to the inpatient claim underlying this action.

Prime asserts that "the patient received an inpatient level of care which included, 'complete blood count, basic metabolic panel, troponin, chest x-ray, electrocardiogram . . ., prothrombin time . . . with INR, partial prothrombin time . . . and CT of the head, as

2

well as a cardiology consultation, as well as providing nitro paste." Opp. at 5:15-19 (citing FAC ¶ 36). Notwithstanding the laundry list of tests and services Prime alleges it provided to the Beneficiary, Prime stops short of identifying what in the record should have convinced the ALJ that any or all of these tests and services were ones that could only be provided on an inpatient basis and not in the Emergency Department or on outpatient "observation" status. Without that, Prime's FAC does not contain sufficient factual matter to set forth a plausible claim for reversal of the ALJ's conclusion that Prime was not entitled to the inpatient rate of reimbursement.

**B.    "Short and Plain" Does Not Mean "Conclusory."**

Prime notes that Rule 8 requires only a "short and plain statement of the claim" and concludes that the scant factual allegations in the FAC are therefore sufficient to defeat HHS's motion to dismiss. Opp. at 6:6-8. Prime reminds the Court three times that it "has pled that the [ALJ]'s ruling ignored the medical evidence presented in the record and in the expert testimony offered at the time of the hearing, and issued a ruling not based on the substantial medical evidence presented in the medical record and in expert testimony." *Id.* at 4:19-22; 5:19-22; 6:19-21. But it is well settled, post *Iqbal*, that the "allegations in a complaint . . . may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (a complaint must contain "sufficient factual matter . . . to state a claim for relief that is plausible on its face" and "mere conclusory statements do not suffice to state a plausible claim for relief").

Prime's FAC is long on conclusions but short on the "underlying facts." Prime asserts in its Opposition that it was sufficient to allege that the Beneficiary was admitted for "blunt head trauma and scalp laceration" and had a "risk of syncopal episode." Opp. at 5:6-12; 6:12-16. But Prime does not actually allege any of that in the FAC. *See* FAC ¶¶ 35, 36 (alleging the Beneficiary had "chest pain" and "risk of acute coronary

3

syndrome . . . or anxiety").  Even if Prime had so alleged, Prime stops short of identifying what in the record should have convinced the ALJ that those circumstances called for services that could only be provided on an inpatient basis.  Without that, Prime's FAC does not contain sufficient factual matter to set forth a plausible claim for reversal of the ALJ's conclusion that Prime was not entitled to the inpatient rate of reimbursement.

**C.  The Question this Action Presents is Not Whether the Treating Physician Reasonably Concluded Inpatient Admission Was Medically Necessary, But Whether the Record Made a Contrary Conclusion Unreasonable, Which Is a Question of Law.**

Prime mistakenly asserts that "[w]hether or not the administrative record does indeed reflect that the [ALJ]'s ruling is not based upon the substantial medical evidence present in the medical record and expert testimony is an issue of fact."  Opp. at 4:22-25.  Whether an administrative agency's decision is supported by substantial evidence is a question of law.  *See* Motion at 8:7-13 (citing cases).  Prime leans heavily on its allegation that "the treating physician expected more than 24 hours of care was necessary, which is sufficient to justify an inpatient admission."  Opp. at 5:12-15.  But the question before the Court is whether the ALJ's determination that an inpatient level of care was not medically necessary was supported by substantial evidence, not whether a different conclusion reasonably could have been reached, whether by the treating physician, or Prime, or another ALJ.  *See Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.), *amended by* 339 F.3d 1012 (9th Cir. 2003) (internal quotation marks and citation omitted) (Court can only reverse the decision of the ALJ if "the evidence presented would compel a reasonable factfinder to reach a contrary result").

The FAC plainly alleges that Prime fully supports the treating doctor's decision to deem the Beneficiary an inpatient.  But the FAC conspicuously omits the adverse findings of fact that Prime asks this Court to hold the ALJ made without substantial evidence.  And

4

it fails to identify anything in the record that undermines the ALJ's findings of fact. Without alleging the underlying facts of record that should have foreclosed the ALJ's determinations, the FAC does not plausibly suggest an entitlement to their reversal by this Court.

**D.    Prime's Request for Leave to Amend Should Be Denied.**

Prime concludes its opposition to the Motion by stating that, "if the Court determines that the [FAC] is not sufficiently pled, Plaintiff respectfully requests leave to file a second amended complaint." Opp. at 7:2-4. Prime does not attach a proposed amended pleading and makes no attempt to explain what it would add to the FAC to cure the deficiencies identified in the Motion. *See* C.D. Cal. L.R. 15-1 ("Any proposed amended pleading must be filed as an attachment to the related motion or stipulation."). The Court should accordingly deny Prime's request.

**III.    CONCLUSION**

For the foregoing reasons, the Court should dismiss with prejudice Prime's First Amended Complaint under Rule 12(b)(6) for failure to allege facts that, if true, would be sufficient to establish Prime's entitlement to a reversal of the ALJ's decision.

Dated: May 30, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

*/s/  Lynn Healey Scaduto*
LYNN HEALEY SCADUTO
Assistant United States Attorney
Attorneys for the United States of America

5