SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
DONALD W. YOO (SBN 227679)
Assistant United States Attorney
          Federal Building, Suite 7516
          300 North Los Angeles Street
          Los Angeles, California 90012
          Telephone: (213) 894-3994
          Facsimile: (213) 894-7819
          E-mail: donald.yoo@usdoj.gov

Attorneys for Defendant
Thomas E. Price, in his official capacity as Secretary
of the U.S. Department of Health and Human Services

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – HUNTINGTON BEACH, LLC, d/b/a Huntington Beach Hospital,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS E. PRICE, M.D., in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>Defendant. | No. CV16-8102-PA (AGRx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br><br><br><br>Honorable Percy Anderson |

Defendant Thomas E. Price, sued in his official capacity as the Secretary of the U.S. Department of Health and Human Services ("Defendant"), answers the First Amended Complaint ("FAC") of Plaintiff Prime Healthcare Services – Huntington Beach, LLC d/b/a Huntington Beach Hospital ("Plaintiff") as follows:

1. In response to Paragraph 1 of the FAC, this Paragraph consists of Plaintiff's legal conclusions and characterizations of Plaintiff's action, to which no response is required. To the extent a response is required, Defendant denies that the services provided to the beneficiary were medically reasonable and necessary and denies that the determination of the Medicare subcontractors and the ALJ issued rulings were not supported by substantial evidence. Further, Defendant denies that the services provided were covered under Title XVIII of the Social Security Act. Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, denies them.

2. In response to Paragraph 2 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited regulations, and because the regulations speak for themselves, no response is required.

3. In response to Paragraph 3 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

4. In response to Paragraph 4 of the FAC, Defendant admits that Medicare Part A may reimburse emergency care that is medically necessary and admits that Medicare coverage may be based upon, among other things, federal laws, and national and local coverage determinations. Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph, and based thereon, denies them.

5. In response to Paragraph 6 of the FAC, Defendant admits the allegations therein.

6.     In response to Paragraph 6 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute and legislative history, and because the statute and legislative history speak for themselves, no response is required.

7.     In response to Paragraph 7 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

8.     In response to Paragraph 8 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

9.     In response to page 3, lines 20-22 of Paragraph 9 of the FAC, this allegation represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response may be deemed required, Defendant denies the allegation to the extent it differs from the certified administrative record.  In response to page 3, lines 22-24 and page 4, lines 3-5 of Paragraph 9, Defendant denies that Palmetto is incentivized to be overly restrictive in its reimbursement policies or that the MAC opinion denies Plaintiff the ability to have claims for reimbursement heard by an impartial authority.  In response to page 4, lines 1-3 of Paragraph 9, this allegation consists of Plaintiff's conclusions of law and characterization of the cited court opinion, and because the cited court opinion speaks for itself, no response is required

10.     In response to Paragraph 10 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

11.     In response to Paragraph 11 of the FAC, this Paragraph consists of Plaintiff's legal conclusions regarding jurisdiction and Plaintiff's characterization

of the administrative record, and as such, no response is required. To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

12. In response to Paragraph 12 of the FAC, this Paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, and as such, no response is required.

13. In response to Paragraph 13 of the FAC, Defendant admits that at the time the original Complaint was filed, Sylvia Burwell was serving as the Secretary of the U.S. Department of Health and Human Services ("HHS"). HHS is responsible for, among other things, administering the Medicare Program through, among others, the Centers for Medicare and Medicaid Services. As of the date of the FAC and of Defendant's Answer, Thomas E. Price is serving as the Secretary of HHS.

14. In response to Paragraph 14 of the FAC, this Paragraph consists of legal conclusions regarding venue, and as such, no response is required. To the extent a response is required, however, Defendant lacks sufficient information or belief upon which to admit or deny the allegations of this paragraph, and based thereon, generally and specifically denies them.

15. In response to Paragraph 15 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

16. In response to Paragraph 16 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute and court opinion, and because the statute and the cited court opinion speak for themselves, no response is required.

17. In response to Paragraph 17 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited court opinion, and because the cited court opinion speaks for itself, no response is required.

3

18.    In response to Paragraph 18 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited court opinion, and because the cited court opinion speaks for itself, no response is required.

19.    In response to Paragraph 19 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the Medicare appeal regulations and procedures, and because the regulations speak for themselves, no response is required.

20.    In response to Paragraph 20 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

21.    In response to Paragraph 21 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

22.    In response to Paragraph 22 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

23.    In response to Paragraph 23 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

24.     In response to Paragraph 24 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

25.     In response to Paragraph 25 of the FAC, this Paragraph consists of Plaintiff's conclusions of law to which no response is required.  To the extent a response is required, however, Defendant denies this allegation.

26.     In response to Paragraph 26 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

### (The ALJ Decision is Arbitrary and Capricious)

27.     In response to Paragraph 27 of the FAC, Defendant re-alleges and reincorporates by reference herein its responses to Paragraphs 1-26, inclusive, above.

28.     In response to Paragraph 28 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited court opinion, and because the cited court opinion speaks for itself, no response is required.

29.     In response to Paragraph 29 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

30.    In response to Paragraph 30 of the FAC, Defendant denies the allegations contained therein.

## COUNT TWO
## VIOLATION OF MEDICARE REGULATIONS
### (Failure of the ALJ to Consider Substantial Evidence)

31.    In response to Paragraph 31 of the FAC, Defendant re-alleges and reincorporates by reference herein its responses to Paragraphs 1-30, inclusive, above.

32.    In response to Paragraph 32 of the FAC, this Paragraph consists of Plaintiff's conclusions of law and characterization of the cited statute, and because the statute speaks for itself, no response is required.

33.    In response to Paragraph 33 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

34.    In response to Paragraph 34 of the FAC, Defendant denies the allegations contained therein.

35.    In response to Paragraph 35 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

36.    In response to Paragraph 36 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

6

37. In response to Paragraph 37 of the FAC, this Paragraph represents Plaintiff's characterization of the administrative record, which speaks for itself, and no response is required. To the extent a response is deemed required, Defendant denies the allegations in this Paragraph to the extent that they differ from the certified administrative record.

38. In response to Paragraph 38 of the FAC, Defendant denies the allegations contained therein.

39. In response to Paragraph 39 of the FAC, Defendant denies the allegations contained therein.

40. In response to Paragraph 40 of the FAC, Defendant denies the allegations contained therein.

## **PRAYER FOR RELIEF**

1. In response to Paragraphs 1 through 4 of the prayer for relief, Defendant contends that these Paragraphs constitute Plaintiff's prayer for relief to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

2. Any and all allegations in the FAC not hereinbefore otherwise admitted are hereby generally and specifically denied. In addition, Defendant alleges the following separate and affirmative defenses as to the claims in the FAC:

### **AFFIRMATIVE DEFENSES**

#### FIRST AFFIRMATIVE DEFENSE

To the extent that the Complaint fails to state a claim upon which relief can be granted, Plaintiff may not prevail.

#### SECOND AFFIRMATIVE DEFENSE

To the extent that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, the action is barred.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands and estoppel.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff waived, and should therefore be estopped from asserting, the claims set forth in the Complaint by its own course of conduct.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because the action is supported by substantial evidence and is neither arbitrary, capricious, nor contrary to law.

SIXTH AFFIRMATIVE DEFENSE

Under the APA, 5 U.S.C. § 501 *et seq.,* judicial review of a final agency decision is limited to the administrative record of the proceedings below.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims arise solely under the Medicare statute and the Court's subject matter jurisdiction is therefore limited to review of any final agency actions that are within the scope of 42 U.S.C. §§ 405(g), 1395ff(b).

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief, attorney's fees, costs of suit, or any damages whatsoever.

/ / /

/ / /

/ / /

8

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice;

2.      That Plaintiff takes nothing by its Complaint;

3.      That Defendant be awarded costs incurred herein; and

4.      That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Respectfully submitted,

Dated:  June 19, 2017

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
LINDA A. KONTOS
Assistant United States Attorney
Deputy Chief, Civil Fraud Section


*/s/ Donald W. Yoo*

DONALD W. YOO
Assistant United States Attorney
Attorneys for Defendant

9